```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JESSE DUNHAM,

      Petitioner,

v.                                 Case No: 2:15-cv-62-FtM-29DNF
                                   Case No. 2:12-cr-113-FtM-99DNF

UNITED STATES OF AMERICA,

      Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #1; Cr. Doc. #101)[1] filed on February 2, 2015. Additionally, Petitioner filed a Memorandum of Law in Support of Petition Filed Under 28 U.S.C. § 2255 (Cv. Doc. # 2; Cr. Doc. #101). The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 on April 2, 2015. (Cv. Doc. #8; Cr. Doc. #101.) Thereafter, Petitioner filed a Reply to the United States' Response in Opposition (Cv. Doc. #9)

---

[1] The Court will make reference to the dockets in the instant action and in the related criminal case throughout this Opinion and Order. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

- 1 -

on April 23, 2015. For the reasons set forth below, Petitioner's motion is dismissed.

I.

On October 3, 2012, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #3) charging Petitioner, Jesse Dunham, and one other co-defendant with one count of knowingly and willfully combining, conspiring, and agreeing with each other and others known and unknown to the grand jury, to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana. On March 14, 2013, Petitioner pled guilty to the Indictment pursuant to a written Plea Agreement. (Cr. Doc. #51.) The Court accepted Petitioner's guilty plea and adjudicated him guilty on March 15, 2013. (Cr. Doc. #63.) On July 22, 2013, the Court sentenced Petitioner to a 60 month term of imprisonment, to be followed by four years of supervised release. (Cr. Doc. #88.) Judgment (Cr. Doc. #77) was filed on July 22, 2013. Petitioner timely filed a notice of appeal on July 26, 2013. (Cr. Doc. #82.) On February 10, 2014, the Eleventh Circuit Court of Appeals granted the government's motion to dismiss Petitioner's appeal. (Cr. Doc. #98.)

Petitioner filed this § 2255 motion on February 2, 2015. (Cv. Doc. #1; Cr. Doc. #101.) Read liberally, Petitioner's § 2255 Petition sets forth that Petitioner's plea of guilty was not

entered voluntarily, knowingly, or intelligently due to ineffective assistance of counsel when his trial attorney advised him that if Petitioner did not sign the Plea Agreement the United States would bring more severe charges against him.

**II.**

**A. Timeliness of § 2255 Petition**

Federal prisoners whose convictions became final after April 24, 1996, the effective date of the AEDPA, have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. §2255; see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001).  As relevant here, a conviction becomes "final" for purposes of seeking post-conviction relief on: "(1) the date on which the district court enters judgment against the defendant; (2) the date on which the court of appeals issues the mandate on direct appeal; or (3) the date on which certiorari is denied, or on which the period to

seek certiorari expires. Kaufmann v. United States, 282 F.3d 1336, 1337 (11th Cir. 2002); Clay v. United States, 537 U.S. 522, 527 (2003) (collecting cases). Petitioner's conviction became final on February 10, 2014, when the Eleventh Circuit granted the government's motion to dismiss the appeal. Accordingly, Petitioner had until February 10, 2015 to file the instant motion. Petitioner's motion was filed on February 2, 2015 and is therefore timely. 28 U.S.C. § 2255(f).

**B. Waiver in Plea Agreement**

The United States argues that Petitioner is not entitled to review of the length of his sentence because his written Plea Agreement contained an express waiver of the right to challenge his sentence directly or in a collateral proceeding. (Cv. Doc. #8, p. 4-5.) The Court agrees.

Petitioner's written Plea Agreement, which is signed and initialed on each page, contains a waiver of appeal and collateral challenge provision, which states in pertinent part:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence **on any ground**. . . except (a) the ground that the sentence exceeds the defendant's applicable guideline range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the

>           sentence violates the Eighth Amendment to the
>           Constitution; provided, however, that if the
>           government exercises its right to appeal the
>           sentence imposed, as authorized by Title 18,
>           United States Code, Section 3742(b), then the
>           defendant is released from his waiver and may
>           appeal the sentence as authorized by Title 18,
>           United States Code, Section 3742(a).

(Cr. Doc. #51, p. 12) (emphasis added).  A waiver provision in a plea agreement is valid if made knowingly and voluntarily.  United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001) (citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993)). A valid and enforceable appeal waiver, however, only precludes challenges that fall within its scope. United States v. Hardman, 778 F.3d 896, 899 (11th Cir. 2014).

   **1) Scope**

Analysis of a waiver provision within a plea agreement requires that the court determine if the appeal falls within the scope of the waiver. Hardman, 778 F.3d at 899. In Petitioner's change of plea colloquy, the Court specifically advised Petitioner that one of the provisions of the Plea Agreement he signed expressly waived his right to appeal his sentence or "to challenge it on any ground, . . ." (Cr. Doc. #60, p. 13.)  Petitioner told the Court he understood this and was making the waiver knowingly and voluntarily.  (Cr. Doc. #60, p. 13.)  A petitioner who files a § 2255 motion is seeking a collateral remedy, Battle v. United

States, 419 F.3d 1292, 1297 (11th Cir. 2005), and therefore this § 2255 motion falls within the waiver provision.

**2) Knowing and Voluntary**

A waiver provision in a plea agreement is valid if made knowingly and voluntarily. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001) (citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993)).  To establish that the waiver was made knowingly and voluntarily, the government must show that either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008).

As referenced above, in the change of plea colloquy, the Court expressly advised Petitioner that one of the provisions of the Plea Agreement he signed waived his right to appeal his sentence on any ground, including the ground that the Court erred in determining the guideline range (with three exceptions). (Cr. Doc. #64, p. 18.)  Petitioner verbally indicated that he understood the waiver provision and provided that he was entering into the waiver knowingly and voluntarily. (Cr. Doc. #64, p. 19.) Moreover, the Court specifically questioned Petitioner regarding whether or not he was entering the guilty plea freely and

voluntarily, and Petitioner responded in the affirmative. (Cr. Doc. #64, p. 19.) Finally, the Plea Agreement itself contains a section that provides in pertinent part:

> The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges . . . that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and the defendant has the right to be tried by a jury with the assistance of counsel . . .

(Cr. Doc. #51, p. 13.) This section was initialed by Petitioner and when viewed in conjunction with the plea colloquy, it is clear that Petitioner's waiver was freely and voluntarily made and Petitioner's Motion to Vacate is accordingly barred by the same.

### 3) Miscarriage of Justice

The merits of a procedurally defaulted claim may also be reached in very narrowly defined circumstances if failure to address the claim would result in a "fundamental miscarriage of justice." Murray v. Carrier, 477 U.S. 478 (1986). Any argument of a miscarriage of justice in this case is belied by the record. The Court expressly informed Petitioner, at the plea hearing, that the Court was unable to determine the appropriate guideline range

for sentencing until after the presentence report had been completed, and further informed Petitioner that his counsel was likewise unable to predict what guideline would apply prior to the creation of the presentence report. (Cr. Doc. #64, p. 17.) The Court further instructed Petitioner that he would be unable to withdraw a plea of guilty on the ground that any prediction made by the attorney proved to be inaccurate and advised Petitioner that his sentence would be somewhere between five and forty years. (Id., p. 18.) Petitioner indicated that he understood and still intended to go forward with his guilty plea. (Id., p. 18.) Petitioner has therefore not shown that a miscarriage of justice would result in the instant case wherein he knowingly and voluntarily waived his right to appeal. Accordingly, Petitioner's claim must fall within the enumerated exceptions in the Plea Agreement in order to be exempt from the waiver provision therein.

**4) Exceptions**

Petitioner's claim does not meet any of the three exceptions[2] enumerated in the Plea Agreement, and the government did not appeal

---

[2] Petitioner's Plea Agreement provides that Petitioner may appeal: 1) on the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court; 2) on the ground that the sentence exceeds the statutory maximum penalty; or 3) on the ground that the sentence violates the Eighth Amendment to the Constitution. (Cr. Doc #51, p. 12.)

the sentence. Therefore, Petitioner's ability to collaterally challenge his sentence was waived by his Plea Agreement, and the § 2255 motion will be dismissed on this basis. Additionally, even if Petitioner's argument was not barred by the waiver provision in the Plea Agreement, it is without merit as discussed below.

## III.

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Padilla v. Kentucky, 130 S. Ct. 1473, 1482 (2010). "As to counsel's performance, 'the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices.'" Reed v. Sec'y, Fla. Dep't of Corr., 593 F.3d 1217, 1240 (11th Cir. 2010) (quoting Bobby v. Van Hook, 130 S. Ct. 13, 17 (2009)). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is highly deferential, and the court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the

performance must be such that no competent counsel would have taken the action. Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010); Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

To establish prejudice under Strickland, Petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005). "Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Petitioner argues that he was provided with ineffective assistance of counsel when his attorney erroneously advised him that that the government would bring more severe charges against him if he did not enter a plea of guilty pursuant to the negotiated plea agreement. (Cv. Doc. #1; Cr. Doc. #101, p. 5.) During Petitioner's plea colloquy, the Court asked if Petitioner was coerced to enter into the negotiated plea agreement. (Cr. Doc.

#64, p. 5.) Petitioner asserted that his life had not been threatened, but did indicate that it was his understanding that if he proceeded to trial, he would face additional charges through a superseding indictment, and that the potentially increased penalties associated with a superseding indictment were the driving factor behind entry of his guilty plea. (Cr. Doc. #64, p. 5.) The Court pursued the line of questioning and asked Petitioner if he understood that it was within the government's power to amend or supersede the Indictment, and asked if Petitioner believed that he was, in fact, guilty. (Cr. Doc. #64, p. 6.) Petitioner affirmed that he recognized the government's capacity to supersede the Indictment, but denied that he was guilty on the "federal level" for the offense, but rather stated that he was merely guilty on the "state level." (Cr. Doc #64, p. 6.) Thus, Petitioner now asserts that the misinformation provided by trial counsel equates to coercion and constitutes failure to provide effective assistance of counsel as guaranteed by the Sixth Amendment.

Plea bargaining flows from the mutuality of advantage between defendants and prosecutors; each with his own reason for wanting to avoid trial. Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978) (quoting Brady v. United States, 397 U.S. 742, 752 (1970)). Thus, the plea bargaining process is fundamental to this country's

criminal justice system. Id. at 361. Defendants advised by competent counsel are presumptively capable of intelligent choice in response to prosecutorial persuasion, and acceptance of a guilty plea necessarily implies rejection of any notion that a guilty plea is involuntary in a constitutional sense simply because it is the end result of the bargaining process. Id. A prosecutor may seek a superseding indictment at any time prior to a trial on the merits, so long as the purpose is not to harass the defendant such that the action would amount to prosecutorial vindictiveness. United States v. Barner, 441 F.3d 1310, 1315 (11th Cir. 2006). In this context, courts have adopted the plain meaning of the term vindictiveness such that it is defined as the desire to punish a person for exercising his or her rights. Id. Although a prosecutor's decision to seek heightened charges after a defendant successfully appeals his conviction is deemed by the courts to carry a presumption of vindictiveness, proof that a prosecutor has made the decision to increase charges after a defendant exercises his or her constitutional rights does not alone give rise to a presumption of the same in the pretrial context. Id. at 1316. Indeed, in Barner, the Eleventh Circuit determined that the filing of a fifth superseding indictment did not amount to prosecutorial vindictiveness. Id. at 1322.

While confronting a defendant with the risk of a more severe punishment if a plea bargain is rejected may have a discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices is inevitable and permissible. Bordenkircher, 434 U.S. 357 at 364 (holding that by tolerating and encouraging the negotiation of pleas, the Court has necessarily accepted as constitutionally legitimate the reality that the prosecutor's interest at the bargaining table is to persuade a defendant to forgo his right to plead not guilty). Provided a prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute generally rests entirely in his discretion. Id.  Thus, in tolerating and encouraging the negotiation of pleas, courts have accepted as constitutionally legitimate the reality that a prosecutor's interest is to persuade the defendant to forgo his right to plead not guilty, and to reject this notion could only invite unhealthy subterfuge that would destroy the practice of plea bargaining altogether. Id. at 364-65.

In the instant case, Petitioner was confronted with the possibility of a superseding indictment and increased penalties should the plea offer be rejected.  To find that the prosecution's forthright dealings with trial counsel in this case are

unconstitutional, or to insist that trial counsel was ineffective for conveying this information to Petitioner would be inconsistent with the Supreme Court's holding in Bordenkircher, and would undermine the plea bargaining process. Accordingly, Petitioner's § 2255 motion is denied, in the alternative, on the merits.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DISMISSED with prejudice** pursuant to a valid plea waiver. Alternatively, Petitioner's Motion is **DENIED** for the reasons stated above. The Motion is otherwise **DENIED** as to all other issues.

2. Petitioner's Motion for Expedited Ruling on Pending Motion to Vacate, Set Aside or Correct Sentence (Cv. Doc. #12) is **GRANTED** to the extent this Opinion and Order has issued.

3. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) IS DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. §

2253(c)(1); Harbison v. Bell, 556 U.S. 180 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and internal quotation marks omitted).  Petitioner has not made the requisite showing in these circumstances.

   **DONE AND ORDERED** at Fort Myers, Florida, this ___30th___ day of June, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA